FILED
SUPERIOR COURT
OF GUAM

2022 APR 12 PM 1: 38

CLERK OF COURT

By:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                    Plaintiff,<br><br>    vs.<br><br>MIKANGELO CAMPOS CHARFAUROS,<br><br>                    Defendant. | Case No. CM0174-21<br><br>**DECISION AND ORDER**<br>(Motion *In Limine* for Judicial Notice) |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on March 29, 2022, for further proceedings on the People of Guam's ("People") Motion *In Limine* for Judicial Notice. Assistant Public Defender David Highsmith represents Mikangelo Campos Charfauros ("Defendant"). Assistant Attorney General Katherine Nepton represents the People. Having considered the arguments and the applicable law, the Court hereby **GRANTS** the People's Motion *In Limine* for Judicial Notice.

## BACKGROUND

On June 13, 2021, Defendant was arrested and charged with Violation of a Court Order (As a Misdemeanor). Mag. Complaint, June 14, 2021. Police records indicate Defendant violated a court order in Superior Court of Guam Case Nos. CM0132-20 and CM0485-20 prohibiting Defendant from threatening or committing acts of family violence against Sylvia Campos Charfauros. *Id.* On February 23, 2022, the People filed the instant motion. People's Mot. *In Limine* for Judicial Notice, Feb. 23, 2022. Defendant filed a non-opposition. Non-

Opp'n. to Mot. *In Limine* for Judicial Notice, Mar. 8, 2022. The Court held further proceedings and took the parties' arguments under advisement on March 29, 2022. Minute Entry, Mar. 29, 2022.

## DISCUSSION

The People request the Court take judicial notice of Defendant's Judgment of Conviction in CM0485-20 and CM0132-20 as permitted under Guam Rules of Evidence ("GRE") 201. People's Mot. *In Limine* for Judicial Notice at 1. The People intend to use the conviction to demonstrate Defendant was aware of the release conditions he violated by allegedly threatening Sylvia Campos Charfauros. *Id.* at 2. Defendant does not oppose the motion. Non-Opp'n. to Mot. *In Limine* for Judicial Notice at 1.

Under GRE 201, a court may take judicial notice of a fact if it is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." 6 G.C.A. § 201(b). Rule 201 further states that judicial notice is mandatory "if requested by a party and supplied with the necessary information." 6 G.C.A. § 201(d). Additionally, the Supreme Court of Guam has stated "in taking judicial notice, a court may only take judicial notice of the truth of facts in certain documents, including past court orders, findings of fact and conclusions of law, and judgments. *In re N.A.*, 2001 Guam 7 ¶ 58.

The Court finds Defendant's Judgment of Conviction in CM0485-20 and CM0132-20 meets the requirements of GRE 201. Defendant's conviction is a public document generated by the Court and, therefore, is generally known within the territorial jurisdiction. Moreover, the Supreme Court of Guam explicitly stated in *In re N.A.* that the Court may take judicial notice of judgments. The People requested judicial notice and supplied the Court with the

portion of the conviction it intends to use at trial. Accordingly, the Court holds judicial notice is mandatory and takes judicial notice of Defendant's Judgment of Conviction in CM0485-20 and CM0132-20.

**CONCLUSION AND ORDER**

For the above reasons, the Court **GRANTS** the People's Motion *In Limine* for Judicial Notice.

SO ORDERED, this _____ day of ___APR 1 7 2022___ 2022.



_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam